# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____

ERIC GOLEY,

        Petitioner,

v.                              Case Number: 08-CV-13187

DAVE BERGH,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITIONER'S PETITION
## FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Pending before the court is Petitioner Eric Goley's *pro se* petition for a writ of habeas corpus, filed July 24, 2009, pursuant to 28 U.S.C. § 2254.  Petitioner, currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, alleges that he is incarcerated in violation of his constitutional rights.  Respondent filed a response to Petitioner's petition on January 30, 2009, contending that the petition should be dismissed because Petitioner's claims are unexhausted.  For the reasons stated below, the court agrees that Petitioner's claims are unexhausted, and the court will dismiss the petition without prejudice so that Petitioner may return to state court to exhaust his claims.

## I.  BACKGROUND

Following a jury trial in Wayne County Circuit Court, Petitioner was found guilty of (1) second-degree murder, Mich. Comp. Laws § 750.317, (2) assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and (3) felony firearm, Mich. Comp. Laws § 750.227b.  He was sentenced on February 13, 2006, to twenty-

seven to fifty-two years imprisonment for the second-degree murder conviction, five to ten years imprisonment for the assault with intent to commit great bodily harm conviction, and the mandatory two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims: (1) there was insufficient evidence of malice to sustain a conviction for second-degree murder, (2) the credibility of the witnesses' testimony should be questioned and would not sustain the conviction, and (3) there was only sufficient evidence to sustain a conviction for manslaughter.  On June 21, 2007, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences.  *People v. Goley*, No. 269191, 2007 WL 1791890 (Mich. Ct. App. June 21, 2007).

Subsequently, Petitioner filed an application for leave to appeal that decision in the Michigan Supreme Court, which was denied because Petitioner failed to file the application within the time limit set forth in Mich. Ct. R. 7.302(C).  A letter was sent to the Petitioner by the Clerk of the Michigan Supreme Court on September 10, 2007, stating the reasons why the application could not be accepted.

Ten months later, Petitioner filed the instant petition for writ of habeas corpus with this court, raising the following claims: (1) the testimony of the witness presented by the prosecution was inconsistent and raised credibility issues, (2) there was sufficient evidence of provocation to find Petitioner guilty of manslaughter, and (3) there was insufficient evidence to find Petitioner guilty of second-degree murder when there was evidence that he acted in self-defense.

2

## II.  DISCUSSION

Respondent argues that Petitioner's claims for habeas corpus relief are unexhausted.  The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "fairly presents his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations.").  A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The petitioner bears the burden of showing that state court remedies have been exhausted.  *Rust*, 17 F.3d at 160.

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court.  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  Although Petitioner filed an appeal of right in the Michigan Court of Appeals, he did not

3

present his claims to the Michigan Supreme Court in a timely fashion. A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas review. *See Harris v. Stegall*, 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001). Thus, the court must consider whether Petitioner has an avenue available for exhaustion of his unexhausted claims in state court.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500, *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide claims.

Accordingly, the court finds that Petitioner's claims are unexhausted, and the court will dismiss the petition without prejudice for failure to exhaust state court remedies. Petitioner may move to reopen this matter upon exhausting his state court remedies. In order not to "'jeopardize the timeliness of a collateral attack,'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (quoting *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001)), the court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing exhaustion of state court remedies within sixty (60) days from the

4

date of this order and returning to federal court within sixty (60) days of exhausting his
state court remedies.

### III.  CONCLUSION

For the reasons stated, IT IS ORDERED that Petitioner's petition for writ of
habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE, and the case will be
closed.

IT IS FURTHER ORDERED that the one-year statute of limitations found in 28
U.S.C. § 2244(d)(1) shall be tolled from the date Petitioner filed the pending petition
until the time Petitioner returns to federal court to pursue habeas relief, provided that
Petitioner pursues exhaustion of state court remedies within sixty (60) days from the
date of this order and seeks leave to reopen these habeas corpus proceedings within
sixty (60) days of exhausting state court remedies.

       S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 27, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 27, 2009, by electronic and/or ordinary mail.

       S/Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-13187.GOLEY.Dismiss.Habeas.Failure.to.exhaust.jr.ljd.wpd